JAMES C. NIELSEN (111889)
  jnielsen@nkllp.law
DANIEL N. KATIBAH (293251)
  dkatibah@nkllp.law
NIELSEN KATIBAH LLP
100 Smith Ranch Road, Suite 350
San Rafael, California 94903
Telephone:  (415) 693-0900
Facsimile:  (415) 693-9674

Attorneys for Plaintiff
WESCO INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESCO INSURANCE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SENTRY INSURANCE COMPANY, formerly known as Sentry Insurance a Mutual Company, a Wisconsin Corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT IN SUBROGATION FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING, AND DECLARATORY JUDGMENT.**<br><br>**DEMAND FOR JURY TRIAL.** |

Plaintiff Wesco Insurance Company complains against defendant Sentry Insurance Company as follows:

1. Wesco is a Delaware corporation with its principal place of business in New York, New York.

2. Wesco is informed and believes and on that basis alleges that defendant Sentry Insurance Company is a Wisconsin Corporation with its principal place of business

in Wisconsin and that, before 2021, Sentry Insurance Company was known as Sentry Insurance a Mutual Company.

3. This Court has original jurisdiction of this action under 28 U.S.C. §1332(a)(1) because this is a civil action between citizens of different states and the amount in controversy, exclusive of costs and interest, exceeds $75,000.

4. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. This action relates to an underlying action in state court known as *Jaurice Hutson v. Taylor Houseman, Inc., et al.*, Contra Costa Superior Court No. CIV MSC21-01940. In this underlying action, the plaintiff Mr. Hutson alleged *inter alia* that, on or about November 8, 2019, he suffered serious injuries caused by a defective commercial washing machine made and distributed by Alliance Laundry Holdings, LLC, dba Alliance Laundry, and sold by Taylor Houseman, Inc.

6. Wesco issued to Taylor Houseman, Inc., as named insured, a policy of commercial general liability insurance, no. WPP1827846 00, for the policy year August 25, 2019-2020, with per-occurrence limits of insurance of $1 million. The basic insuring provisions of the Wesco policy were set out in Insurance Services Office form CG 00 01 04 13. The Wesco policy was in effect on the date of Mr. Hutson's alleged injury.

7. Sentry issued to Alliance Laundry, as named insured, a policy of commercial general liability insurance, no. 90-05297-03, effective for the policy year May 5, 2019-2020, with per-occurrence limits of insurance of $2 million. The basic insuring provisions of the Sentry policy were set out in Insurance Services Office form CG 00 01 04 13. Sentry's named insured Alliance Laundry was named as a defendant in the underlying *Hutson* action. The Sentry policy was in effect on the date of Mr. Hutson's alleged injury.

8. The Sentry policy included an endorsement on form CG 20 15 04 13, entitled "ADDITIONAL INSURED – VENDORS," that provided as pertinent to Wesco's claims that "WHO IS AN INSURED (Section II) is amended to include as an insured any person

COMPLAINT IN SUBROGATION FOR BREACH OF CONTRACT, ETC.; DEMAND FOR JURY TRIAL.

or organization (referred to below as 'vendor') shown in the Schedule, but only with respect to 'bodily injury' or 'property damage' arising out of 'your [Alliance Laundry's] products' shown in the Schedule which are distributed or sold in the regular course of the vendor's business, ...."  The endorsement scheduled as Vendor "ALL VENDORS OF YOUR [Alliance Laundry's] PRODUCTS DOMICILED IN THE UNITED STATES OF AMERICA OR CANADA," and scheduled as Alliance Laundry's products "ALL PRODUCTS."  Taylor Houseman qualified as an insured under Sentry's form CG 20 15 04 13 with respect to the underlying *Hutson* action.

9.     Under the "other insurance" clause in form CG 00 01 04 13 included in the Sentry policy and in the Wesco policy, paragraph IV. 4. b. (1) provides that "This insurance is excess over: *** (b) Any other primary insurance available to you covering liability for damages arising out of … the products and completed operations, for which you have been added as an additional insured."

10.     As respects Sentry's and Wesco's respective coverage for Taylor Houseman as to the underlying *Hutson* action, under the quoted "other insurance" language, Sentry's coverage for Taylor Houseman was and is primary and Wesco's coverage for Taylor Houseman was and is excess.

11.     Sentry's named insured Alliance Laundry was also insured under a policy of excess liability insurance issued by non-party Federal Insurance Company with limits of insurance of $25 million in excess of Sentry's $2 million in primary insurance.  The Federal policy thus provided Alliance Laundry with $25 million in coverage applicable to the underlying *Hutson* Action over and above the $2 million available under the Sentry policy.

12.     Consistent with its obligations as the primary insurer for Taylor Houseman, Sentry agreed to defend Taylor Houseman against the underlying *Hutson* Action and hired defense counsel to do so.

13.     Wesco is informed and believes and thereon alleges that the Sentry claims adjuster who supervised the defense counsel Sentry hired to defend Taylor Houseman also

COMPLAINT IN SUBROGATION FOR BREACH OF CONTRACT, ETC.; DEMAND FOR JURY TRIAL.

supervised the separate defense counsel Sentry hired to defend Alliance Laundry.

14. Sentry did not inform Wesco that Sentry had assigned a single adjuster to supervise the separate defense counsel defending Taylor Houseman and defending Alliance Laundry, respectively.

15. Wesco is informed and believes and thereon alleges that the Sentry never formally notified Taylor Houseman that the claims adjuster supervising the defense counsel Sentry hired to defend Taylor Houseman also supervised the separate defense counsel Sentry hired to defend Alliance Laundry.

16. On or about April 16, 2025, plaintiff in the underlying *Hutson* action served an offer under Cal. Code of Civil Procedure §998 to allow judgment to be taken against Taylor Houseman in the amount of $1,999,999.99. To facilitate settlement discussions counsel for plaintiff later extended the statutory offer into August 2025.

17. At no point in the underlying *Hutson* action did plaintiff's demands for settlement against Alliance Laundry exceed or threaten to exceed the $25 million limits of Federal's excess policy, without considering Sentry's primary policy.

18. Defense counsel hired by Sentry to defend Taylor Houseman advised Sentry and Wesco that the value of the claims against Taylor Houseman in the underlying *Hutson* action exceeded the value of the plaintiff's statutory offer.

19. Wesco, as Taylor Houseman's excess insurer with respect to the underlying *Hutson* action, demanded that Sentry accept plaintiff's statutory offer within Sentry's limits on or before the offer's expiration.

20. Wesco's demand to Sentry invited Sentry, if Sentry contended that its limits have been impaired in any amount, to share evidence of impairment to permit Wesco to consider making up the difference between such impairment and the statutory offer.

21. Sentry rejected Wesco's demand that Sentry accept plaintiff's statutory offer on or before its expiration and provided no evidence of impairment of Sentry's limits.

22. Sentry did not offer to pay any portion of Taylor Houseman's liability under plaintiff's statutory offer.

23. Following the rejection of primary insurer Sentry's rejection of Wesco's demand that Sentry accept plaintiff's statutory offer on or before its expiration, Wesco committed its excess limits of $1 million to Taylor Houseman's defense counsel hired by Sentry for purposes of accepting plaintiff's statutory offer.

24. On or about August 12, 2025, defense counsel hired by Sentry to defend Taylor Houseman against the underlying *Hutson* action accepted the pending statutory offer to allow judgment to be taken against Taylor Houseman in the amount of $1,999,999.99. A non-party insurer committed to pay the additional sums needed to satisfy the judgment.

25. On or about August 21, 2025, judgment the underlying *Hutson* action was entered against Taylor Houseman in the amount of $1,999,999.99.

26. Wesco has paid or will shortly pay its $1 million toward satisfaction of the judgment in against Taylor Houseman the underlying *Hutson* action.

## FIRST CLAIM IN SUBROGATION
## FOR BREACH OF CONTRACT AGAINST SENTRY

27. Wesco incorporates by reference each and every allegation contained in Paragraphs 1 through 26 as though fully set forth herein.

28. As excess insurer for Taylor Houseman with respect to the underlying the underlying *Hutson* action, and having paid to satisfy the judgment against Taylor Houseman, Wesco is subrogated to the rights of Taylor Houseman as against Taylor Houseman's primary insurer, Sentry.

29. Wesco is informed and believes and thereon alleges that Sentry had the ability to accept the statutory offer of judgment against Sentry's insured Taylor Houseman in the underlying *Hutson* action in whole or in part without affecting the protection through liability insurance to Sentry's named insured, Alliance Laundry, due to the additional $25 million in liability insurance limits available to Alliance Laundry, substantially more than needed to resolve the remaining claims in the underlying *Hutson* action.

30. By refusing to authorize Taylor Houseman's defense counsel hired by Sentry

to accept the within-limits statutory offer against Taylor Houseman in the underlying *Hutson* action, in whole or in part, Sentry breached its contractual duty to Taylor Houseman, thereby threatening Taylor Houseman with liability in excess of the Sentry policy limits.

31.    As a result of Sentry's breach of is contractual duty, Taylor Houseman's subrogee Wesco suffered damage in the amount of $1 million, or other amount according to proof, plus prejudgment interest, paid to satisfy the judgment entered against Taylor Houseman in the underlying *Hutson* action.

## SECOND CLAIM IN SUBROGATION
## FOR BREACH OF IMPLIED COVENEANT OF GOOD FAITH
## AGAINST SENTRY

32.    Wesco incorporates by reference each and every allegation contained in Paragraphs 1 through 31 as though fully set forth herein.

33.    Sentry's policy alleged above by law included an implied covenant of good faith and fair dealing requiring Sentry to perform its contractual agreements reasonably and in a fashion to avoid harm to its named insured Alliance Laundry and its additional insured Taylor Houseman.

34.    Sentry breached its implied covenant of good faith and fair dealing when it wrongfully refused to accept a reasonable statutory settlement offer within the policy limits, or to commit its limits if impaired, thereby exposing Taylor Houseman to significant liability.  Had Sentry accepted the statutory offer, Sentry's named insured Alliance Laundry would have remained fully protected by its excess insurance coverage, thereby eliminating financial exposure to Taylor Houseman without prejudice to the interests of Alliance Laundry.  Sentry's refusal was unreasonable, wrongful, in bad faith, in violation of its obligations under California law, and caused Taylor Houseman's subrogee to substantial harm, including but not limited to $1 million paid toward satisfaction of the judgment against Taylor Houseman, prejudgment interest, legal fees to secure coverage and

otherwise, and other damages.

## THIRD CLAIM FOR DECLARATORY JUDGMENT AGAINST SENTRY

32.    Wesco incorporates by reference each and every allegation contained in Paragraphs 1 through 31 as though fully set forth herein.

33.    An actual controversy has arisen and now exists between Wesco, on one hand, and Sentry, on the other hand, concerning their respective rights and obligations with respect to the underlying *Hutson* action.  Wesco contends that that Sentry was and remains obligated to pay out Sentry's limits of insurance on behalf of Taylor Houseman toward satisfaction of the judgment entered against Taylor Houseman, that Wesco should not have been required to pay out Wesco's limits of insurance on behalf of Taylor Houseman toward satisfaction of the judgment, in whole or in part, and therefore that Sentry should reimburse Wesco for the sums Wesco should not have been required to pay, whether by way of equitable subrogation, equitable indemnity, equitable contribution, or otherwise.

34.    Wesco is informed and believes and thereon alleges that Sentry contends or will contend to the contrary of Wesco's contentions set forth above.

35.    Wesco therefore requests that this Court enter its binding judicial declarations in accordance with Wesco's contentions set forth above.  The requested declarations are both necessary and proper at this time under the circumstances in that the interests of judicial economy and substantial justice will be served thereby.

## PRAYER FOR RELIEF

WHEREFORE, Wesco prays for judgment as follows:

    a.    On the First and Second Claims in Subrogation, for damages in accordance with proof;

    b.    On the Second Claim for Breach of the Implied Covenant of Good Faith, for attorney's fees as an item of compensatory damages under *Brandt v. Sup. Ct.*, 37 Cal.3d 813 (1985).

7

c.    That as to the Third Claim for Declaratory Judgment, the Court make and enter its binding judicial declarations in accordance with Wesco's contentions set forth above;

d.    That Wesco be awarded its costs of suit incurred herein; and

e.    For such other and further relief as the court deems just and proper.


September 5, 2025                    NIELSEN KATIBAH LLP

                        By:    _____/s/  Daniel N. Katibah_____
                                Daniel N. Katibah
                                Attorneys for Plaintiff
                                WESCO INSURANCE COMPANY



DEMAND FOR JURY TRIAL

Wesco Insurance Company hereby demands trial by jury in accordance with Fed.R.Civ.P. 38(a).


September 5, 2025                    NIELSEN KATIBAH LLP

                        By:    _____/s/  Daniel N. Katibah_____
                                Daniel N. Katibah
                                Attorneys for Plaintiff
                                Wesco Insurance Company

COMPLAINT IN SUBROGATION FOR BREACH OF CONTRACT, ETC.; DEMAND FOR JURY TRIAL.