UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WESCO INSURANCE COMPANY,

Plaintiff,

v.

SENTRY INSURANCE COMPANY,

Defendant.

Case No. 25-cv-07584-TSH

**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 41, 42

## I.    INTRODUCTION

Plaintiff Wesco Insurance Company ("Wesco") brings this action in subrogation against Defendant Sentry Insurance Company ("Sentry"), alleging that Sentry failed to perform its obligations under an insurance contract by refusing to settle a case brought against Sentry's insured. ECF No. 1. Pending before the Court is Sentry's Motion for Leave to File Third-Party Complaint against Federal Insurance Company and Evanston Insurance Company. ECF No. 42 ("Mot."). Wesco has also filed a motion for summary judgment. ECF No. 41. The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and **VACATES** the April 2, 2026, hearing. For the reasons stated below, the Court **GRANTS** Sentry's motion to file a third-party complaint and **DENIES WITHOUT PREJUDICE** Wesco's motion for summary judgment.[1]

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 13, 16.

## II.    BACKGROUND

### A.    Factual Background

Wesco, a Delaware corporation with its principal place of business in New York, issued a commercial insurance policy naming Taylor Houseman, Inc. ("Taylor") as an insured.  Compl. ¶¶ 1, 6 (ECF No. 1).  Sentry, a Wisconsin corporation with its principal place of business in Wisconsin, issued a commercial insurance policy covering Taylor as an additional insured party.[2] *Id.* ¶¶ 2, 7–8.  This matter arises out of an underlying state court action that names Taylor as a defendant.  *Id.* ¶ 5; Answer ¶ 5 (ECF No. 28); *see Jaurice Hutson v. Taylor Houseman, Inc., et al.*, Contra Costa Superior Court No. CIV MSC21-01940 (the "*Hutson* Action").

Overall, Wesco alleges that it suffered harm when Sentry refused to accept the Statutory Offer for Taylor in the *Hutson* Action and Wesco was forced to pay its excess limits toward satisfying the judgment against Taylor.  Compl. ¶¶ 22–26.  According to Wesco, as Taylor's primary insurer, Sentry was obligated to accept the Statutory Offer for Taylor, and Wesco is now subrogated to the rights of Taylor as against Sentry.  *Id.* ¶¶ 28–30.

Sentry seeks to file a third-party complaint against Federal Insurance Company ("Federal") and Evanston Insurance Company ("Evanston") for declaratory relief and equitable indemnity in connection with Wesco's claims against Sentry.  Mot. at 2–3.  Federal, a New Jersey corporation with its principal place of business in Indiana, is an insurer of the defendants in the *Hutson* Action. *Id.* at 6:6–12, 7:1–2; *see id.* at Ex. 1 ("Proposed Third-Party Compl.") ¶¶ 3, 10, 25 (ECF No. 42 at 11).  Evanston, an Illinois corporation with a principal place of business in Illinois, is also an insurer of the defendants in the *Hutson* Action.  *Id.* at 6:6–12, 6:28–7:1; *see* Proposed Third-Party Compl. ¶¶ 2, 12.

### 1.    The Underlying Action And Insurance Policies

Jaurice Hutson initiated the *Hutson* Action, alleging that on "November 8, 2019, he suffered serious injuries caused by a defective commercial washing machine made and distributed by" Alliance Laundry Holdings, LLC ("Alliance") and sold by Taylor.  Compl. ¶ 5; *see* Sentry's

---

[2] "[B]efore 2021, Sentry Insurance Company was known as Sentry Insurance a Mutual Company." Compl. ¶ 2.

2

Counterclaim ("Counterclaim") (ECF No. 29), Ex. C (the "*Hutson* Complaint") (ECF No. 29 at 339).  Mr. Hutson alleged four causes of action against Taylor and Alliance:  (1) strict products liability for manufacturing defect, design defect, and failure to warn; (2) negligence in, *inter alia*, design and maintenance; (3) breach of implied warranty; and (4) breach of express warranty. *Hutson* Complaint at 16–21.  Mr. Hutson alleged that Taylor poorly maintained the subject washing machine for twenty years and that Taylor was negligent in "maintaining, and/or servicing of the subject washing machine."  *Id.* at 16, 18–20.

Mr. Hutson served a Statutory Offer on Taylor under Cal. Code of Civil Procedure § 998 to allow judgment to be taken against Taylor in the amount of $1,999,999.99.  Compl. ¶ 16; Counterclaim ¶ 49; *see* Counterclaim, Ex. G (the "Statutory Offer") (ECF No. 29 at 391).  The Statutory Offer was only to resolve the *Hutson* Action as to Taylor.  Counterclaim ¶ 49.  Wesco then "committed its excess limits of $1 million" for purposes of accepting the Statutory Offer. Compl. ¶ 23; *see also* Proposed Third-Party Compl. ¶ 40 ("Wesco agreed to pay $1,000,000 to meet the Offer to Taylor.").  Evanston agreed to pay $999,999.99 to meet the Statutory Offer to Taylor.  Proposed Third-Party Compl. ¶ 41; *see also* Compl. ¶ 24 ("A non-party insurer committed to pay the additional sums needed to satisfy the judgment.").  Taylor accepted the Statutory Offer to allow judgment to be taken against Taylor in the amount of $1,999,999.99.  Compl. ¶ 24. Judgment was entered against Taylor in the *Hutson* Action in the amount of $1,999,999.99.  *Id.* ¶ 25.

According to the Complaint and Proposed Third-Party Complaint, the *Hutson* Action implicates four insurance policies.  Wesco issued a commercial insurance policy naming Taylor as an insured—the policy has a one-million-dollar limit.  Compl. ¶ 6; *see* Counterclaim, Ex. B ("Wesco Policy") (ECF No. 29 at 85).  Evanston issued Taylor an excess or umbrella policy—the policy has at least a one-million-dollar limit.  Proposed Third-Party Compl. ¶ 12.  Sentry issued a commercial insurance policy naming Alliance as an insured that qualified Taylor as an additional insured party under the policy's Vendor Endorsement—the policy has a two-million-dollar limit. Compl. ¶¶ 7–8; *see* Counterclaim, Ex. A ("Sentry Policy") (ECF No. 29 at 11).  Alliance also has excess liability insurance through Federal—the policy has a twenty-five-million-dollar limit.

Compl. ¶ 11.  The Federal Policy also covers Taylor as an insured party.  Proposed Third-Party Compl. ¶ 25; *see* Counterclaim, Ex. H ("Federal Policy") (ECF No. 29 at 398).

The parties dispute the order of coverage regarding the judgment against Taylor.  Wesco alleges that "Sentry's coverage for [Taylor] was and is primary and Wesco's coverage for [Taylor] was and is excess."  Compl. ¶ 10.  Sentry alleges that Wesco's coverage for Taylor is primary. Counterclaim ¶¶ 8, 27, 30.

### 2.     Wesco's Allegations In The Complaint

Wesco alleges the following in the Complaint.  Wesco issued to Taylor, "as named insured, a policy of commercial general liability insurance, no. WPP1827846 00, for the policy year August 25, 2019–2020, with per-occurrence limits of insurance of $1 million."  Compl. ¶ 6.

As Taylor's primary insurer, Sentry agreed to defend Taylor in the *Hutson* Action.  *Id.* ¶ 12.  Sentry hired separate defense counsel to represent Taylor and Alliance—both counsel were supervised by the same Sentry claims adjuster.  *Id.* ¶ 13.

Taylor's counsel "advised Sentry and Wesco that the value of the claims against [Taylor] in the underlying *Hutson* action exceeded the value of" the Statutory Offer.  *Id.* ¶ 18.  As Taylor's excess insurer, Wesco demanded that Sentry accept the Statutory Offer "within Sentry's limits on or before the offer's expiration."  *Id.* ¶ 19.  In its demand letter, Wesco invited Sentry to share evidence that its limits were impaired.  *Id.* ¶ 20.  Sentry rejected Wesco's demand, did not provide evidence of impairment, and did not offer to pay any portion of Taylor's liability under the Statutory Offer.  *Id.* ¶¶ 21–22.  Sentry's actions threatened Taylor "with liability in excess of the Sentry policy limits."  *Id.* ¶ 30.

At no point did Mr. Hutson's "demands for settlement against [Alliance] exceed or threaten to exceed the $25 million limits of Federal's excess policy, without considering Sentry's primary policy."  *Id.* ¶ 17.  Thus, had Sentry accepted the Statutory Offer, "Sentry's named insured would have remained fully protected by its excess insurance coverage, thereby eliminating financial exposure to [Taylor] without prejudice to the interests of [Alliance]."  *Id.* ¶ 34.

As Taylor's excess insurer, "Wesco should not have been required to pay out Wesco's limits of insurance on behalf of [Taylor] toward satisfaction of the judgment, in whole or in

United States District Court
Northern District of California

4

part[.]" *Id.* ¶ 33. Wesco therefore suffered damages in the amount of at least one million dollars for the amount that it paid toward satisfying the judgment against Taylor. *Id.* ¶¶ 31, 34.

### 3. Sentry's Allegations In The Proposed Third-Party Complaint

Sentry alleges the following in the Proposed Third-Party Complaint. Sentry issued "a primary commercial general liability policy" to Alliance with "a products-completed operations aggregate policy limit of $2,000,000." Proposed Third-Party Compl. ¶ 8, Ex. A. The Sentry Policy includes an each occurrence deductible of $250,000. *Id.* ¶ 9. Alliance entered into an agreement with Taylor "under which Taylor agreed to indemnify and hold harmless Alliance from any and all claims and litigation arising out of or occasioned by the negligent, faulty or improper installation or repair of Alliance washers by Taylor or any of its customers." *Id.* ¶ 14.

Sentry agreed to defend Alliance in the *Hutson* Action and also agreed to defend Taylor, subject to a reservation of rights. *Id.* ¶¶ 26–27. Taylor waived its right to use independent counsel for its defense. *Id.* ¶ 28.

At the time of the Statutory Offer, "the Sentry Policy's applicable aggregate limit of liability had been eroded through the payment of sums towards the resolution of other claims." *Id.* ¶ 37. The Policy's deductible also reduced the limit of liability. *Id.* Sentry sought Federal's consent for Sentry to contribute toward the Statutory Offer, but Federal did not provide its consent. *Id.* ¶ 38. Sentry was unable to contribute to the Statutory Offer, "[g]iven the competing demands for the remaining Sentry Policy limits, the fact that the Offer exceeded those limits, and the lack of consent by Federal." *Id.* ¶ 39. After claims in the *Hutson* Action were resolved against Taylor, Sentry paid sums toward the settlement of claims against Alliance, "which have exhausted [Sentry's] applicable limit of liability." *Id.* ¶ 42.

Evanston notified Sentry that it contends that Sentry owes Evanston reimbursement of the amount Evanston paid to resolve the *Hutson* Action for Taylor and that Evanston's claim for reimbursement "had priority over any claim made by Wesco." *Id.* ¶¶ 44–45.

"Sentry denies that it owes any sums to Wesco, Evanston, or any other entity regarding the sums paid to resolve" the *Hutson* Action. *Id.* ¶ 46. The Federal Policy is specifically excess to the Sentry Policy. *Id.* ¶ 10. The Evanston Policy is specifically excess to the Wesco Policy. *Id.* ¶ 12.

5

Both the Wesco Policy and Evanston Policy insured Taylor's obligation to indemnify and hold harmless Alliance for the *Hutson* Action. *Id.* ¶¶ 20–21. The Wesco Policy "is the only primary policy that insures Taylor for negligence related to the installation, inspection, adjustment, testing, servicing or repair of the washer, or any other independent negligence of Taylor." *Id.* ¶ 32. And the Evanston Policy is the only excess policy that insures Taylor for negligence. *Id.* ¶ 33.

To the extent that Sentry has liability to Wesco or Evanston for their sums paid for Taylor in the *Hutson* Action, "Federal is primarily liable due to its failure to consent." *Id.* ¶ 64. In addition, any amount which Sentry owes Wesco or Evanston "represents an amount by which Federal has been unjustly enriched, in that Federal avoided contributing that amount toward the settlement of the claims against Alliance." *Id.* ¶ 66. This is because the Sentry Policy was exhausted through the *Hutson* Action; thus, any amount Sentry had contributed for Taylor "would have reduced the amount available for Sentry to contribute to the settlement claims against Alliance, thereby increasing the amount that Federal would have had to contribute." *Id.* ¶ 65.

## B.    Procedural Background

The *Hutson* Action commenced on September 15, 2021, when Mr. Hutson filed a complaint in the Contra Costa Superior Court. *Hutson* Complaint at 1. On April 16, 2025, Mr. Hutson served the Statutory Offer on Taylor. Compl. ¶ 16. On August 12, 2025, Taylor's counsel accepted the Statutory Offer, allowing judgment to be taken against Taylor. *Id.* ¶ 24. On August 21, 2025, judgment was entered against Taylor in the *Hutson* Action. *Id.* ¶ 25.

On September 5, 2025, Wesco filed its complaint against Sentry, alleging three causes of action under California law: (1) Breach of Contract (In Subrogation); (2) Breach of Implied Covenant of Good Faith and Fair Dealing (In Subrogation); and (3) Declaratory Judgment. Compl. ¶¶ 27–35 (ECF No. 1). Wesco seeks, *inter alia*, damages, attorneys' fees, and binding judicial declarations. *Id.* at 7–8.

On October 15, 2025, Sentry moved to dismiss all claims in the Complaint. ECF No. 12. The Court denied the motion in full on December 3, 2025. ECF No. 26.

On December 17, 2025, Sentry filed an answer to the Complaint and filed counterclaims against Wesco for declaratory relief and equitable contribution. ECF Nos. 28 ("Answer"), 29

("Counterclaim"). Wesco filed an answer to Sentry's counterclaims on January 21, 2026. ECF No. 33. Sentry filed a motion to substitute attorney on January 30, 2026, which the Court granted. ECF Nos. 34, 35.

On February 14, 2026, Wesco filed a motion for summary judgment. ECF No. 41. On March 5, 2026, Sentry filed an opposition to the motion for summary judgment. ECF No. 54. On March 12, 2026, Wesco filed a reply to the motion for summary judgment. ECF No. 57.

On February 17, 2026, Sentry filed the instant Motion for Leave to File Third-Party Complaint against Federal and Evanston. ECF No. 42 ("Mot."); *see generally* Proposed Third-Party Compl. (ECF No. 42 at 11). Against Federal, Sentry seeks to assert claims for (1) Equitable Indemnity; and (2) Declaratory Relief—Order of Coverage. Proposed Third-Party Compl. ¶¶ 60–74. And against Evanston, Sentry seeks to assert claims for (1) Declaratory Relief—No Duty to Indemnify; and (2) Declaratory Relief—Order of Coverage. *Id.* ¶¶ 47–59, 68–74. On March 2, 2026, Wesco filed an Opposition. ECF No. 49 ("Opp."). On March 10, 2026, Sentry filed a Reply. ECF No. 56 ("Reply"). On March 16, 2026, Wesco filed an Objection to Sentry's Reply Evidence. ECF No. 58.

Fact discovery closes in March 2027, and trial is set for September 27, 2027. ECF No. 44. The deadline to move to amend the pleadings is July 9, 2026, and dispositive motions are due April 8, 2027. *Id.* As of February 11, 2026, the parties had not engaged in discovery. *See* ECF No. 37 (Joint Statement). Sentry expects to conduct written discovery and depositions. *Id.*

### III.　LEGAL STANDARD

**A.　Rule 14**

The Federal Rules of Civil Procedure provide that a defending party may implead a third party "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Under Rule 14(a), the defendant must "obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." *Id.* The purpose of impleader "is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir.

United States District Court
Northern District of California

1986). Therefore, "leave to file a third-party claim is liberally granted in furtherance of judicial efficiency." *Flodin v. Cent. Garden & Pet Co.*, No. 21-cv-01631-JST, 2024 WL 3641368, at *2 (N.D. Cal. Aug. 2, 2024) (cleaned up); *see also Universal Green Sols., LLC v. VII Pac Shores Inv'rs, LLC*, No. C-12-05613-RMW, 2013 WL 5272917, at *2 (N.D. Cal. Sep. 18, 2013) ("[C]ourts have construed the rule liberally in favor of allowing impleader."); *Bird v. Keefe Kaplan Mar., Inc.*, No. 14-cv-03277-MEJ, 2015 WL 4692817, at *1 (N.D. Cal. Aug. 6, 2015) (same). The decision whether to permit a third party claim under Rule 14 is left to the sound discretion of the trial court. *Sw. Adm'rs*, 791 F.2d at 777.

## B.   Rule 19

Under the Federal Rules of Civil Procedure, if an absent party is necessary and can be joined, "the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). A person is a necessary party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.* at 19(a)(1). A necessary party must be joined if that party "is subject to service of process" and the party's "joinder will not deprive the court of subject-matter jurisdiction." *Id.* "A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." *Id.* at 19(a)(2). If it is not feasible to join a necessary party, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* at 19(b).

United States District Court
Northern District of California

8

## IV.  DISCUSSION

Sentry seeks leave to file a third-party complaint against Evanston and Federal because they may be liable in connection with Wesco's claims against Sentry, and they are indispensable parties.  Mot. at 2–3.  Wesco argues that the Court should deny leave because (1) Sentry's Motion fails to comply with evidentiary requirements under the Civil Local Rules; (2) neither Federal nor Evanston is a proper party under Rule 14; and (3) neither Federal nor Evanston is a necessary party under Rule 19.  Opp. at 1.

Here, because Sentry sought to file a third-party complaint on February 17, 2026—more than fourteen days after it filed its Answer to the Complaint on December 17, 2025—Sentry must obtain leave from the Court to file a third-party complaint.  Fed. R. Civ. P. 14(a)(1); *see* Mot. at 4:13–28.  In sum, the Court concludes that Federal is a proper party under Rule 14, and Evanston is a necessary party whose joinder is feasible under Rule 19.  Therefore, leave to file a third-party complaint against Federal and Evanston is warranted.  Given this ruling, the Court further concludes that it would be premature to rule on Wesco's motion for summary judgment at this time.[3]

### A.    Local Rules

Wesco argues that the Court should deny Sentry's Motion because it violates Civil Local Rule 7-5.  Opp. at 2:24–5:27.  Specifically, Wesco asserts that "Sentry purports to justify

---

[3] The Federal Rules of Civil Procedure permit a party to move for summary judgment "at any time until 30 days after the close of discovery," unless "a different time is set by local rule or the court orders otherwise."  Fed. R. Civ. P. 56(b).  "The presumptive timing rules are default provisions that may be altered by an order in the case or by local rule."  2009 Adv. Comm. Notes, Fed. R. Civ. P. 56.  "Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had.  Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case."  2010 Adv. Comm. Notes, Fed. R. Civ. P. 56(b).  Pursuant to this guidance, "many courts have denied pre-answer and pre-discovery motions for summary judgment as premature despite technical compliance with the timing provisions of Rule 56."  *Bradford v. Ogbuehi*, No. 1:17-cv-01128-SAB(PC), 2020 WL 9886194, at *1 (E.D. Cal. Feb. 20, 2020).  Here, because the pleadings are not yet set, the Court concludes that Wesco's motion for summary judgment is premature.  *Cf. id.* (holding plaintiff's motions for summary judgment were premature because "given that Plaintiff's two motions for leave to file a second amended complaint are still pending, the pleadings in this case are not yet set").  However, the Court denies Wesco's motion without prejudice.  The Court will determine an appropriate timeline for Wesco to refile its motion for summary judgment once all parties are before the Court.

impleading Evanston and Federal with facts unfamiliar to Wesco that Sentry does not support with any declaration, affidavit, or record citation, as Local Rule 7-5 requires." *Id.* at 1:21–28. Sentry responds that it supports its Motion with its proposed third-party complaint and with counsel's representations of fact to the Court, which are true and accurate. Reply at 1:10–23. Sentry also submits declarations with its Reply that "do not offer anything 'new' but merely respond to Wesco's accusations." *Id.* at 1:23–2:4.

Under the Civil Local Rules, "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record." Civ. L.R. 7-5(a). And "[a]ny reply to an opposition may include affidavits or declarations, as well as a supplemental brief or memorandum under Civil L.R. 7-4." Civ. L.R. 7-3(c).

Here, the Court concludes that Sentry's Motion does not violate the Local Rules. Wesco acknowledges that Sentry may support its Motion with documents "in the existing record." *See* Opp. at 3:1–5 (arguing that because Sentry does "not include a declaration or affidavit" with its Motion, "under Rule 7-5, all of Sentry's factual contentions would need to find support in the existing record"). Indeed, this is just what Sentry does—in its Motion, Sentry cites to Wesco's Complaint and Sentry's Proposed Third-Party Complaint, both of which are in the record. *See, e.g.,* Mot. at 5:14–6:21, 9:7–15. In evaluating the propriety of a third-party complaint, courts consider factual contentions, as alleged in the complaint and proposed complaint. *See Green Valley Corp. v. Caldo Oil Co.*, No. 09-cv-04028-LHK, 2011 WL 1465883, at *2, 8 (N.D. Cal. Apr. 18, 2011) (considering facts alleged in proposed third-party complaint in disposing of motion for leave to file third-party complaint); *see also Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199–200 (9th Cir. 1988) (affirming district court's dismissal of third-party complaint for failing to meet Rule 14 pleading requirements where district court relied on "the basic facts underlying the original complaint and the basic facts underlying the third-party complaint"). And in fact, a court is not required to look beyond the pleadings in such a case. *See Overpeck v. FedEx Corp.*, No. 18-cv-07553-PJH, 2020 WL 1557433, at *2 (N.D. Cal. Apr. 1, 2020) ("To determine whether Rule 19 requires the joinder of additional parties, the court *may* consider evidence outside of the

United States District Court
Northern District of California

10

pleadings.") (emphasis added) (citation omitted).

Moreover, Sentry includes declarations with its Reply that support the factual assertions in its Motion that are not found within the Complaint or Proposed Third-Party Complaint.[4] *See* Reply at 1:23–26, Exs. 1–3 (ECF Nos. 56-1, 56-2, 56-3). Wesco is incorrect that Sentry cannot "cure its motion's failure in reply" by submitting evidence that supports Sentry's Motion. Opp. at 5:16–20. True, Sentry cannot sandbag Wesco with new arguments raised for the first time in its Reply. *See Competitive Techs., Inc. v. Fujitsu Ltd.*, 333 F. Supp. 2d 858, 863–63 (N.D. Cal. 2004) (declining to reach arguments raised for the first time in reply brief and noting fairness concerns). But Sentry does not raise new arguments in its Reply—it merely submits declarations in support of its Reply (and in support of factual assertions made in its Motion), as permitted by the Local Rules. *See* Reply at 1:23–26 (citing Civ. L.R. 7-3(c)). Therefore, because Sentry provides ample support for the factual assertions in its Motion, through its references to documents in the record and proffered declarations, its Motion complies with Local Rule 7-5.

Accordingly, the Court next turns to the merits of Sentry's Motion.

**B.     Rule 14**

Sentry seeks to implead Federal and Evanston under Rule 14. Mot. at 7:16–10:5. Wesco argues that impleader is improper because (1) neither Federal nor Evanston is subject to permissive impleader; and (2) the factors for permissive impleader favor denial. Opp. at 6:1–8:13.

Here, the Court concludes that Federal is a proper party under Rule 14 and that the relevant factors favor impleading Federal. Therefore, Sentry's proposed filing is a proper third-party complaint against Federal.

Accordingly, the Court **GRANTS** Sentry leave to file a third-party complaint against Federal under Rule 14.

---

[4] Wesco filed an Objection to Sentry's Reply Evidence in which Wesco objects to the Declaration of Lynette Klawon (ECF No. 56-1) on the grounds that it is irrelevant, misleading, and contains material protected by privilege. ECF No. 58. The Court does not rely on the Klawon Declaration in ruling on Sentry's Motion. Therefore, the Court does not reach Wesco's objections to the Klawon Declaration.

United States District Court
Northern District of California

United States District Court
Northern District of California

### 1. Proper Party

Sentry asserts that to the extent it has any liability to Wesco or Evanston for failure to accept the Statutory Offer in the *Hutson* Action, Sentry "has an equitable right to indemnity against Federal." Mot. at 6:9–10; *see* Proposed Third-Party Compl. ¶¶ 60–67. Sentry further asserts that because Evanston and Federal had obligations to the defendants in the *Hutson* Action, the "Third-Party Complaint will resolve the sequencing and allocation of coverage" regarding the *Hutson* Action. Mot. at 9:7–15; *see* Proposed Third-Party Compl. ¶¶ 68–74. Wesco argues that under Rule 14: (1) Federal is not a proper party because Sentry cannot allege a cognizable claim against Federal for equitable indemnity; and (2) Evanston is not a proper party because "Evanston is a potential claimant against Sentry." Opp. at 6:1–23. Sentry contends that impleader is proper because both Federal and Evanston "may be liable to Sentry." Reply at 4:16–9:28.

Under Rule 14, "a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." *Stewart*, 845 F.2d at 199. "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Id.* at 200 (citation omitted). "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Id.* (citation omitted).

Here, the Court concludes that Federal is a proper party under Rule 14. Sentry seeks to bring a claim for equitable indemnity against Federal. Mot. at 6:5–17; *see* Proposed Third-Party Compl. ¶¶ 60–67. "Impleader is commonly used for claims against a third party for indemnification, subrogation, breach of warranty, contribution among joint tortfeasors." *Clarke v. Pub. Emps. Union Loc. 1*, No. 16-cv-04954-JSC, 2017 WL 550231, at *2 (N.D. Cal. Feb. 10, 2017). "Indemnification inherently seeks derivative liability and is one of the traditional grounds for a third-party action." *Flodin*, 2024 WL 3641368, at *2 (cleaned up). "Indemnity may be defined as the obligation resting on one party to make good a loss or damage another party has incurred. This obligation may be expressly provided for by contract, it may be implied from a contract not specifically mentioning indemnity, or it may arise from the equities of particular

12

circumstances." *DXC Tech. Co. v. Gen Digital, Inc.*, No. 23-cv-04818-EJD, 2024 WL 2882565, at *4 (N.D. Cal. June 7, 2024) (quoting *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 13 Cal. 3d 622, 628 (1975)). As such, on its face, Sentry's proposed indemnification claim against Federal is a proper use of impleader. Further, the Court agrees with Sentry that it "is not required to prove the substantive merits of its claims on a motion for leave." Reply at 9:10–16. Rule 14(a)

> expressly permits impleader where the proposed third-party defendant may be liable to the original defendant and the proposed third-party complaint asserts at least a colorable claim for relief, as any Rule 12 defenses . . . are properly raised by the third-party defendant in its answer to the third-party complaint, not by . . . the original plaintiff in opposition to a motion for leave to file.

*Clarke*, 2017 WL 550231, at *3 (cleaned up). Sentry alleges that it has a right to indemnity against Federal for any liability Sentry has to Wesco because (1) Federal prevented Sentry from contributing to the Statutory Offer in the *Hutson* Action; and (2) Federal "would be unjustly enriched by having Sentry pay any amount in excess if [*sic*] its limits as a result of the conduct of Federal." Mot. at 6:5–17; *see* Proposed Third-Party Compl. ¶¶ 37–39, 42, 60–67. In sum, Sentry alleges that Federal has an obligation to make good any loss incurred by Sentry as a result of Wesco's claims against Sentry; thus, Sentry alleges a colorable claim for equitable indemnity against Federal.

Wesco complains that "Sentry's theory of equitable indemnity cannot apply" against Federal because Federal and Sentry are not joint tortfeasors. Opp. at 6:4–17. In deciding whether to allow a third-party complaint, a court must consider whether the proposed third-party complaint alleges a cause of action for which relief may be granted. *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1057 (N.D. Cal. 2000). This factor is important because "[i]t makes no sense to permit such a potentially prejudicial expansion of the case at the expense of Plaintiffs, if the third-party plaintiffs do not have a valid theory of relief against the third-party defendants." *Id.* at 1057–58. Sentry contends that its proposed indemnity claim against Federal is not foreclosed because California law does not limit equitable indemnity claims to as between traditional "joint tortfeasors." Reply at 5:14–6:9. The Court agrees. In California, equitable indemnity applies differently to disputes between insurance carriers than in other contexts. *The Travelers Indem. Co. of Connecticut v.*

13

United States District Court
Northern District of California

*Navigators Specialty Ins. Co.*, 70 Cal. App. 5th 341, 361–64 (2021).  "Case law and commentators recognize that an equitable indemnity claim may be asserted in a dispute between insurance carriers, even though they are not joint tortfeasors."  *Id.* at 362.  "Equitable indemnity is a *loss-shifting* procedure"—it "applies in cases in which one party pays a debt *for which another is primarily liable* and which in equity and good conscience should have been paid by the latter party."  *Id.* at 363 (emphasis in original) (cleaned up); *see also St. Paul Fire & Marine Ins. Co. v. Ins. Co. of the State of Pennsylvania*, No. 15-cv-02744-LHK, 2016 WL 1191808, at \*4 (N.D. Cal. Mar. 28, 2016) ("California law permits claims for reimbursement for unjust enrichment in the insurance context.") (citing *Hartford Casualty Ins. Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988, 998–1000 (2015)).  Sentry seeks to shift any loss it incurs by reason of Wesco's claims to Federal which is plainly allowed under California law.  Therefore, because the Court cannot say that Sentry's proposed indemnity claim against Federal fails as a matter of law, any defenses regarding the sufficiency of the claim should be raised by Federal, not by Wesco.  *Clarke*, 2017 WL 550231, at \*3.

However, the Court concludes that Evanston is not a proper party under Rule 14.  Unlike for Federal, Sentry does not seek to bring a claim for equitable indemnity against Evanston.  *See* Mot. at 5:25–6:4; *see generally* Proposed Third-Party Compl.  Wesco argues that Evanston is not a proper party because Sentry does not assert that Evanston "owes Sentry some duty of indemnity, whether equitable or contractual."  Opp. at 6:18–23.  Sentry responds that it "may not have a cause of action against Evanston for reimbursement or contribution, but it certainly has a legal right to seek judicial relief from possibly having duplicative obligations to both Wesco and Evanston for their competing or overlapping claims."  Reply at 4:16–5:13.  Rule 14 requires that a third-party defendant be "secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim."  *Sw. Adm'rs*, 791 F.2d at 777.  But Sentry does not allege that Evanston is liable to Sentry for any judgment against Sentry on Wesco's claims.  To be sure, Sentry's concern about duplicative obligations may be relevant under Rule 19.  *See* Fed. R. Civ. P. 19(a)(1).  Therefore, while Sentry cannot implead Evanston under Rule 14, the Court addresses below whether Sentry can join Evanston under Rule 19.  *See Christensen v. Cotnoir*, No. C-11-03864-JSW, 2014 WL

14

576257, at *1 (N.D. Cal. Feb. 11, 2014) ("If the proposed third-party claim is not for indemnity, impleader is inappropriate, even if the alleged third-party claim arises from the same transaction or set of facts as the original claim.").

### 2.    Equitable Factors

Having found that Federal is a proper party under Rule 14, the Court next considers whether the relevant factors favor impleading Federal.  Sentry argues that the equitable factors weigh in favor of impleader.  Mot. at 7:16–10:5.  Wesco contends that "joinder should be denied because its only effect would be to delay rulings, complicate issues, and increase litigation costs." Opp. at 1:11–14.

In deciding whether to allow a third-party complaint, courts find it helpful to consider: "(1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead." *Irwin*, 94 F. Supp. 2d at 1056 (citing *Somportex Ltd. v. Phil. Chewing Gum Corp.*, 453 F.2d 435, 439 n.6 (3d Cir. 1971)).

Here, the Court concludes that all relevant factors weigh in favor of impleading Federal.

### a.    Prejudice

Sentry argues that impleader will not prejudice the parties because the case was only filed six months ago, there has been no activity other than Wesco's motion for summary judgment, and there was minimal delay in seeking leave to file the Third-Party Complaint.  Mot. at 8:8–9:1. Wesco contends that Sentry's Motion prejudices Wesco because it creates "a perceived procedural ground on which to delay a ruling on Wesco's pending motion for summary judgment," and it will "increase litigation costs."  Opp. at 7:6–8:2.

Here, the Court finds that impleader will not prejudice Wesco.  Wesco protests that impleader will cause "delay and expense . . . by adding new, unnecessary, and improper parties." Opp. at 7:18–8:2.  First, as discussed below, there is no indication that impleader will delay trial or discovery.  As to Wesco's pending motion for summary judgment, while Wesco may not obtain an immediate ruling, Wesco has plenty of time to renew its motion.  Indeed, the current deadline for dispositive motions is over a year away.  *See* ECF No. 44.  Second, Wesco does not identify how it will incur additional expenses when it is Federal that must defend against Sentry's third-party

United States District Court
Northern District of California

United States District Court
Northern District of California

claims, not Wesco. *Cf. Clarke*, 2017 WL 550231, at \*2. Finally, as discussed, Federal is a proper party under Rule 14. Therefore, this factor favors impleader.

### b. Complication

Sentry argues that the Third-Party Complaint "will not add any complexity to the similar issues already present in [Wesco's] complaint against Sentry." Mot. at 9:2–6. Wesco contends that impleader will complicate issues because it "will inject new and complex legal issues which are separate from those alleged in Wesco's Complaint." Opp. at 8:3–11 (cleaned up).

Here, the Court finds that impleader would not complicate the issues at trial. *See Universal*, 2013 WL 5272917, at \*3 (explaining factor concerns whether impleader would complicate issues at trial or lengthen trial). The claims in the Complaint and in the Proposed Third-Party Complaint all involve issues of insurance contract interpretation, a question of law. *See City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 395 (2008) (explaining that in California, contract interpretation is a question of law "when it is based on the words of the instrument alone"). Wesco does not identify any factual issues that would be complicated *at trial* by impleader. *See Universal*, 2013 WL 5272917, at \*3 (discussing jury confusion in analysis of factor). Therefore, this factor favors impleader.

### c. Delay

Sentry argues that this factor favors impleader because the case "is in its embryonic stage," and "the trial date is tentatively set for September 13, 2027." Mot. at 8:8–9:1 (citing ECF No. 38 at 2). Wesco contends that impleader will delay trial and discovery. Opp. at 7:6–8:2.

Here, the Court finds that there is minimal risk of delay because there are eleven months before the close of fact discovery, and trial is over a year away. *See* ECF No. 44; *cf. Clarke*, 2017 WL 550231, at \*3 ("This case is still early in the discovery phase: there are seven months left before the close of fact discovery, and trial is nearly a year away."). Therefore, this factor favors impleader.

### d. Timeliness

Sentry argues that any delay in seeking leave is not unreasonable given that Sentry's former counsel could not have filed the Third-Party Complaint "because of their conflict of

interest in prosecuting claims" against Evanston and Federal. Mot. at 8:8–9:1; *see* Declaration of Laura R. Ramos ¶¶ 4–5 ("Ramos Decl.") (ECF No. 56-2). Wesco contends that Sentry's counsel could have filed its Motion sooner. Opp. at 5:2–15.

Here, the Court finds that Sentry's Motion is timely. Sentry filed its Motion two months after filing its Answer. *See* ECF Nos. 28, 42; *Mejia v. RXO Last Mile, Inc.*, No. 22-cv-08976-SI, 2024 WL 100278, at *3 (N.D. Cal. Jan. 9, 2024) ("[C]ourts in this District have found lapses of time between three and six months after filing an answer to be timely."). Moreover, there is no indication that Sentry unreasonably delayed filing its Motion. Sentry reasonably may have wanted to wait until its motion to dismiss was resolved prior to seeking impleader. *See* Mot. at 4:4–6; *cf. Mejia*, 2024 WL 100278, at *3. And contrary to Wesco's assertion, Sentry's new counsel—different counsel from those involved in the *Hutson* Action and previous motion to dismiss in this action—were not plainly "informed throughout," as new counsel substituted in on February 2, 2026. Opp. at 5:2–15; *see* ECF No. 35. Nor is there any indication that Sentry acted in bad faith as Sentry's short delay in filing its Motion resulted from its former counsel's inability to clear a conflict of interest over the holidays. Mot. at 8:19–28; Ramos Decl. ¶¶ 4–5. Therefore, this factor favors impleader.

### e.    Judicial Efficiency

Sentry argues that impleader will promote judicial efficiency because it will be "more economical and efficient for all the parties to litigate their related issues in a single action in this Court." Mot. at 7:27–8:7, 9:16–10:5.

Here, the Court finds that impleading Federal will promote judicial efficiency. If Federal is not impleaded, Sentry will need to file a separate suit against Federal to obtain payment from Federal for any judgment Sentry owes to Wesco. Mot. at 6:5–17; Reply at 10:1–17. Duplicative litigation frustrates judicial efficiency and increases litigation costs. *See Flodin*, 2024 WL 3641368, at *3 ("[T]he Court favors resolving all of the disputes between the parties as expeditiously as possible. If Defendants are not permitted to implead Elements into this action, they will be forced to seek separate relief in a new cause of action. This would frustrate judicial efficiency.") (cleaned up). Therefore, the judicial efficiency and economy of allowing Sentry to

17

implead Federal outweighs any potential prejudice to Wesco. *Cf. Clarke*, 2017 WL 550231, at *3.

**C.　　Rule 19**

Sentry asserts that both Federal and Evanston must be joined under Rule 19 because they are necessary parties. Mot. at 5:23–6:21. Because the Court concludes that Sentry can add Federal as a party under Rule 14, the Court only considers the parties' arguments as they pertain to joining Evanston under Rule 19.

"Rule 19 governs compulsory party joinder in federal district courts." *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 778 (9th Cir. 2005) ("*Peabody II*"). A Rule 19 motion poses "three successive inquiries." *Id.* at 779. "First, the court must determine whether a nonparty should be joined under Rule 19(a)." *Id.* If an absentee meets the requirements of Rule 19(a), "the second stage is for the court to determine whether it is feasible to order that the absentee be joined." *Id.* "Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee" or whether the action must be dismissed. *Id.* "A nonparty in whose absence an action must be dismissed is one who 'not only [has] an interest in the controversy, but [has] an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.'" *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010) ("*Peabody III*") (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1854)) (alterations in original).

Here, the Court concludes that Evanston is a necessary party under Rule 19 and that it is feasible to join Evanston. Therefore, Sentry's proposed filing is a proper third-party complaint against Evanston.

Accordingly, the Court **GRANTS** Sentry leave to file a third-party complaint against Evanston under Rule 19.

**1.　　Necessary Party**

The Court first analyzes whether Evanston is a necessary party that should be joined. *See* Fed. R. Civ. P. 19(a)(1). Sentry argues that Evanston is a necessary party because "Evanston has

18

asserted a claim for equitable subrogation which is in competition with the claims by Wesco." Mot. at 2:13–15. Wesco contends that joinder is improper because (1) the Court can provide complete relief between Wesco and Sentry without joining Evanston; and (2) Evanston lacks an interest in Wesco's suit against Sentry. Opp. at 8:15–11:6.

Under Rule 19, a "necessary" third-party is one who must "be joined if feasible." *Peabody II*, 400 F.3d at 779 (cleaned up). "A person is required to be joined if feasible under Rule 19(a)(1)(A) if, 'in that person's absence, the court cannot accord complete relief among the existing parties' or under Rule 19(a)(1)(B) if 'that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Peabody III*, 610 F.3d at 1081. "There is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a). . . . The determination is heavily influenced by the facts and circumstances of each case." *Id.* (citation omitted).

Here, the Court concludes that Evanston is a necessary party. First, under Rule 19(a)(1)(B), Evanston has an interest in the subject matter of this action.[5] Wesco argues that Evanston lacks a protected interest in Wesco's suit and has "not even attempted to claim any." Opp. at 10:9–11:6. But Sentry alleges that Evanston asserted an interest in the subrogation allegedly owed by Sentry to Wesco; Evanston notified Sentry of Evanston's intent to seek subrogation from Sentry for the same act and its priority over Wesco's claim. Mot. at 5:14–28; Reply at 4:17–5:13, 10:7–17; *see* Proposed Third-Party Compl. ¶¶ 44–45. Sentry further proffers evidence that in January 2026, Evanston contacted Sentry's former counsel and indicated that Evanston intends to pursue its claim against Sentry. Reply at 4:17–5:13; Ramos Decl. ¶¶ 10–12.

---

[5] The Court does not decide whether Evanston is also a necessary party under Rule 19(a)(1)(A). Sentry need only satisfy either Rule 19(a)(1)(A) or Rule 19(a)(1)(B) to join Evanston as Rule 19(a)(1)'s requirement is disjunctive. *See Overpeck*, 2020 WL 1557433, at *6 ("Because Rule 19(a)(1)'s requirement is disjunctive, the court need not consider defendant's alternative arguments under Rule 19(a)(1)(B).").

19

As such, Sentry demonstrates that Evanston claims an interest in this action that is not "speculative." Opp. at 10:27–11:6.

Second, Evanston qualifies as a person to be joined under at least Rule 19(a)(1)(B)(i). Sentry argues that Wesco's claims and Evanston's threatened claim "are in direct competition and conflict with each other such that even if one or more of the claims were valid," the Court "would be required to resolve the priority of each claim or allocate among them." Mot. at 5:23–28. Sentry alleges that its liability limit was impaired such that it could not cover the full Statutory Offer in the *Hutson* Action, it has since exhausted its limit with respect to the *Hutson* Action, and Evanston asserts that its claim has priority over Wesco's claims. Proposed Third-Party Compl. ¶¶ 37–39, 42, 44–45. Yet, other than repeat its assertion that Evanston has not threatened suit against Sentry, Wesco does not respond to Sentry's concern over competing claims between Wesco and Evanston. Opp. at 4:15–25. Sentry demonstrates that disposing of this action in Evanston's absence may impair or impede Evanston's ability to protect its interest in any subrogation owed by Sentry. Fed. R. Civ. P. 19(a)(1)(B)(i). Taking Sentry's allegations as true, because Sentry's limits were impaired, it could not cover both Wesco's $1,000,000 contribution and Evanston's $999,999.99 contribution to the Statutory Offer. Proposed Third-Party Compl. ¶¶ 39–41. Thus, if Wesco obtains judgment against Sentry for $1,000,000, Evanston cannot later obtain judgment against Sentry for $999,999.99 because there would not be enough in Sentry's available limit to cover Evanston's subsequent judgment. In that event, even if Evanston has priority over Wesco, Evanston will not be able to protect its priority interest. Therefore, Evanston must be joined if feasible. *Peabody II*, 400 F.3d at 779.

### 2.    Feasibility Of Joinder

The Court next analyzes whether joining Evanston is feasible. *See* Fed. R. Civ. P. 19(a)(1). Sentry argues that there are no barriers to joining Evanston. Mot. at 6:22–7:15. Wesco does not respond to this argument. *See generally* Opp.

Joinder is feasible where the third-party "is subject to service of process" and the party's "joinder will not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1); *see Peabody II*, 400 F.3d at 779 ("Rule 19(a) sets forth three circumstances in which joinder is not

United States District Court
Northern District of California

feasible: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction.").

Here, the Court concludes that it is feasible to join Evanston. Wesco does not respond to Sentry's argument that joinder of Evanston is feasible; Wesco thus concedes that it is. *See Ardente, Inc. v. Shanley*, No. C-07-4479-MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 10, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence."). However, the Court would reach the same conclusion even absent Wesco's concession. As Sentry explains, "[c]omplete diversity will remain even after the addition of Federal and Evanston because all parties are citizens of, and have principal places of business in, different states." Mot. at 6:22–7:15. Moreover, Sentry correctly asserts that supplemental jurisdiction enables the Court to hear Sentry's proposed claims against Evanston because they arise from the same transaction or occurrence as Wesco's claims. *Id.*; *cf. Underwriters at Lloyd's Subscribing to Cover Note B1526MACAR1800089 v. Abaxis, Inc.*, 491 F. Supp. 3d 506, 514–16 (N.D. Cal. 2020) (exercising supplemental jurisdiction over defendant's claims against third-party). Therefore, because Evanston is a necessary party whose joinder is feasible, the Court must join Evanston under Rule 19. *Peabody III*, 610 F.3d at 1081.

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Sentry's Motion for Leave to File Third-Party Complaint against Federal and Evanston. The Court **DENIES WITHOUT PREJUDICE** Wesco's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: March 20, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

21